O, JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARCUS DANIEL SILVER,

        Plaintiff-Appellant,

v.

U.S. BANK, NATIONAL ASSOCIATION,

        Defendant-Appellee.

Case No.: 2:23-cv-10860-MEMF
Bankruptcy Court Case No.: 2:21-bk-16492-BB
Adversary Case No.: 2:22-ap-01117-BR

**ORDER AFFIRMING ORDER DIRECTING CLERK TO ENTER DISCHARGE AND CLOSE BANKRUPTCY CASE**

    Before the Court is the Appeal of an Order issued by the United States Bankruptcy Court for the Central District of California, in which the court discharged and closed Marcus Daniel Silver's bankruptcy case. *See* ECF No. 1. For the reasons stated herein, the Court AFFIRMS the opinion of the Bankruptcy Court.

/ / /

/ / /

1

I.   **Background**[1]

On August 16, 2021, Plaintiff-Appellant Marcus Daniel Silver filed a Chapter 7 Bankruptcy petition with the U.S. Bankruptcy Court. ECF No. 1-1 ("BK Docket"), No. 1. On October 1, 2021, Silver removed a state court action he initiated (to quiet title regarding certain real property, hereinafter "the Property"), resulting in the first Adversary Proceeding ("First AP"). BK Docket, No. 11. Silver filed a Motion to Stay in the bankruptcy case on October 25, 2021, seeking a stay of foreclosure of the Property until the removal hearing. BK Docket, No. 12 ("Motion to Stay").

The creditors in the First AP sought remand of the case, but Silver opposed the remand in part by filing a Motion to Convert his bankruptcy case from a Chapter 7 to Chapter 13 on November 5, 2021. BK Docket, No. 14 ("Motion to Convert").

On November 29, 2021, Judge Ernest M. Robles, who was then presiding over Silver's bankruptcy case, denied Silver's request to stay the foreclosure as unnecessary because the automatic stay already in effect in the bankruptcy case remained in effect with respect to the Property and would remain in effect "until the Court adjudicates the Motion to Remand." BK Docket, No. 15 ("Stay Order"). Judge Robles also found that because Silver's position with respect to the remand of the First AP was predicated on the outcome of the Motion to Convert, he would handle the Motion to Convert and the Motion to Remand at the same time and, accordingly, directed the clerk "to not enter a discharge in [the bankruptcy case] until after the Court has adjudicated the Motion to Convert." *Id.*

On December 16, 2021, Judge Robles denied Silver's Motion to Convert. BK Docket, No. 17. In the order, Judge Robles stated that the clerk "may enter a discharge [in the bankruptcy case] provided the Debtor is otherwise entitled to receive one." *Id.* The next day, Silver filed a Motion for Reconsideration on this issue. BK Docket, No. 19. On May 20, 2022, Judge Robles denied the Motion for Reconsideration. BK Docket, Nos. 25, 26 ("Reconsideration Order"). On May 31, 2022,

---

[1] All facts stated herein are from the underlying bankruptcy docket.

1  Silver appealed the Reconsideration Order. BK Docket, No. 30.[2] On December 19, 2022, the
2  Bankruptcy Appellate Panel ("BAP") affirmed the lower court decision. BK Docket, No. 38. On
3  January 13, 2023, Silver appealed again to the Ninth Circuit. BK Docket, No. 41.

4        On September 15, 2023, Silver's case was reassigned from Judge Robles to Judge Sheri
5  Bluebond. BK Docket, No. 42. On December 13, 2023, Judge Bluebond issued an order directing
6  the clerk to discharge and close the bankruptcy case in part noting that "this Court has resolved the
7  debtor's motion to convert" and "there are no matters currently pending before this Court that
8  require resolution." BK Docket, No. 43 ("Discharge Order").

9        On December 28, 2023, Silver appealed Judge Blueblond's Discharge Order to this Court.
10 ECF No. 1.[3] Silver filed his opening brief on February 21, 2024. ECF No. 10 ("Silver Brief"). On
11 March 8, 2024, Defendant-Appellee U.S. Bank, National Association ("U.S. Bank") filed its
12 response. ECF No. 12 ("U.S. Bank Brief"). On March 29, 2024, Silver filed a reply. ECF No. 15
13 ("Silver Reply"). On April 25, 2024, Silver filed a Motion for Evidentiary Hearing, which was fully
14 briefed. ECF Nos. 18, 20, 21. The Court deemed the Motion for Evidentiary Hearing appropriate for
15 resolution without oral argument and vacated the hearing. ECF No. 23; *see also* C.D. Cal. L.R. 7-15.

16       On June 10, 2024, the Ninth Circuit affirmed the BAP's decision, finding that the bankruptcy
17 court did not abuse its discretion in denying Silver's Motion to Convert or the Motion for
18 Reconsideration. BK Docket, No. 56. On July 29, 2024, Silver filed an Emergency Motion for Stay
19 or Injunction, which was fully briefed. ECF Nos. 25, 26, 28. On August 15, 2024, the Court denied
20 Silver's Emergency Motion, finding that it was "procedurally deficient, and regardless, that Silver
21 has not shown a likelihood of success on the merits of his appeal to justify the relief sought," in part
22 citing the Ninth Circuit's decision. ECF No. 30.
23 / / /
24 / / /
25
26 ———————————————
27 [2] Also on this day, Silver removed a second state law case, resulting in a second Adversary Proceeding ("Second AP"). BK Docket, No. 29.
28 [3] Judge Bluebond was named as an appellee in error on this appeal.

## II. Applicable Law

District courts have jurisdiction to hear appeals from bankruptcy court's final judgements, orders, and decrees. 28 USC § 158(a)(1). On an appeal, the district court may affirm, modify, or reverse a bankruptcy judge's judgement, order, or decree or remand with instructions for further proceedings. Fed. R. Bankr. P. 8013. "[T]he district court functions as an appellate court in reviewing a bankruptcy decision and applies the same standards of review as a federal court of appeals." *In re Crystal Props., Ltd., LP.*, 268 F.3d 743, 755 (9th Cir. 2001) (citation and internal quotation marks omitted). "Findings of fact of the bankruptcy court are reviewed for clear error, and conclusions of law are reviewed *de novo*. Mixed questions of law and fact are reviewed de novo." *Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 957 F.3d 990, 995 (9th Cir. 2020) (citations omitted). Reconsiderations of a previously assigned judge's interlocutory orders are reviewed for abuse of discretion. *In re Roth*, 2009 WL 7751410 (B.A.P. 9th Cir. June 10, 2009), *aff'd*, 431 F. App'x 541 (9th Cir. 2011); *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1997).

## III. Discussion

Silver raises two issues on appeal both related to Judge Bluebond's discharge of his bankruptcy case. First, Silver contends that Judge Bluebond lacked jurisdiction to discharge his case while the appeal of the order denying his Motion to Convert was still pending. Silver also contends that Judge Bluebond erred by purportedly ignoring Judge Robles's prior order to stay a discharge of his case until the adjudication of the Motion to Convert. For the reasons discussed below, the Court finds, under a *de novo* review, that Judge Bluebond had jurisdiction to issue the order notwithstanding the pending appeal in the Ninth Circuit. The Court further finds that Judge Bluebond did not abuse her discretion in discharging and closing Silver's bankruptcy case. Finally, as the Court explained in its order on Silver's Emergency Motion, any error is now harmless as the Ninth Circuit has affirmed Judge Robles's denial of the Motion to Convert.[4]

---

[4] The Court has reviewed the Motion for Evidentiary Hearing (ECF No. 18) and notes that the evidence Silver seeks a review of do not appear have any bearing on the issues presented on this appeal. Regardless, Silver cites no authority for the proposition that it would be proper to conduct an evidentiary hearing on appeal. *See Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("An appellate court may not

**A. The Court Finds that Judge Bluebond Had Jurisdiction to Discharge the Case**

The issue of whether a bankruptcy court has jurisdiction is reviewed *de novo*. *Dunmore v. U.S.*, 358 F.3d 1107, 1111 (9th Cir. 2004). The filing of an appeal "will typically divest a bankruptcy court of jurisdiction over those aspects of the case involved in the appeal." *In re Sherman*, 491 F.3d 948, 967 (9th Cir. 2007). However, bankruptcy courts retain jurisdiction on matters unrelated to the appeal and "retain[] substantial jurisdiction as to the order that is the subject of the interlocutory appeal." *Ahmed*, 420 B.R. at 523. Bankruptcy courts are only deprived of the "power to alter, expand, or vacate the order at issue." *Id.* (citing *Padilla*, 222 F.3d at 1190). The bankruptcy court continues to have jurisdiction to manage all other matters necessary to implement or enforce the order being appealed. *In re Sherman*, 491 F.3d at 967.

Here, the Court finds that the pending appeal of Silver's Motion to Convert with the Ninth Circuit did not divest Judge Bluebond of jurisdiction over the rest of the case. Judge Bluebond's discharge order in no way affected the issue pending on appeal. *Id.* at 965 (concluding that "the bankruptcy court retained jurisdiction to enter an order granting the discharge" while there was a pending appeal on a motion to dismiss). Had the Ninth Circuit reversed a denial of the Motion to Convert, the bankruptcy court would have had to act in accordance with the Ninth Circuit's decision—and the discharge would not have otherwise changed this. *See id.* at 968 (explaining that "entry of a discharge order alone does not irrevocably terminate bankruptcy proceedings" and that a bankruptcy petition remains open "valid discharge order notwithstanding," during the appeal).

Silver cites language from an order Judge Robles issued in the Second AP (Silver Brief at 7), which states that an appeal "confers jurisdiction of the court of appeals and divests the district court over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). However, this is consistent with the idea that the district court retains jurisdiction over the aspects of the case *not* involved in the appeal. While Judge Robles found that the pending

---

consider evidence not presented to the trial court which is thus not part of the record on appeal."). Accordingly, the Court DENIES the Motion for Evidentiary Hearing.

appeal divested the bankruptcy court of jurisdiction over the issues in the Second AP,[5] this finding does not carry over to a procedural discharge of the bankruptcy case—nor did it appear that Judge Robles intended it to, as no order staying the bankruptcy action was ever issued. *See In re Sherman*, 491 F.3d at 967 ("If a party wants to stay all of the proceedings in bankruptcy court while an appeal is pending, it must file a motion to stay.").

Accordingly, the Court finds Judge Bluebond had jurisdiction to issue the Discharge Order.

### B. Judge Bluebond Did Not Err in Issuing the Discharge Order

Separate and apart from whether the bankruptcy court had jurisdiction to discharge the case, Silver contends that Judge Bluebond erred in doing so because it was allegedly contrary to Judge Robles's prior Stay Order. But it plainly was not.[6] The Stay Order merely held that the automatic stay would remain in effect until "the Court" adjudicated the Motion to Remand and directed "the Clerk of Court" not to enter discharge until after "the Court has adjudicated the Motion to Convert." BK Docket, No. 15. In both places, Judge Robles specifically referenced the decision of "the Court" on the Motion to Remand—namely, the bankruptcy court. He did not indicate that the stay would be in place until all appeals were exhausted, nor order a stay pending reconsideration or appeals, and this Court will not read his plain language that way. In fact, when he later denied the Motion to Convert, Judge Robles himself stated that the clerk "may enter a discharge," thereby lifting any possible restriction from discharge expressed in the Stay Order. BK Docket, No. 17.

---

[5] The Court does not review this determination as it is outside the scope of this appeal.

[6] The Court notes that it would not have been an abuse of discretion for Judge Bluebond to issue a discharge even if the Stay Order was intended to forbid a discharge. The issue of whether a subsequent judge can reconsider an interlocutory order is reviewed for abuse of discretion. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1997). The "principles of comity and uniformity" urge judges presiding in the same court to avoid overruling each other's decisions. *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 379 (9th Cir. 1960). Nonetheless, district judges have the inherent power to modify interlocutory orders at any time prior to final judgement, even if the case is reassigned to another judge. *Amarel v. Connell*, 102 F.3d 1494, 1515 (9th Cir. 1996); *Castner*, 278 F.2d at 380–81 (holding that a judge has discretion to set aside a predecessor's decision if "cogent reasons" or "exceptional circumstances" arise). Judge Bluebond issued the discharge upon finding that "(1) the trustee has filed a no asset report, (2) this Court has resolved the debtor's motion to convert, and (3) there are no matters currently pending before this Court that require resolution." BK Docket, No. 43. Silver has not demonstrated that this decision was an abuse of discretion—he has not shown that any or all three grounds do not present "cogent reasons" to depart from any prior restriction of discharge. Rather, he does not address the first or third reasons at all in this appeal.

Thus, the Court does not find that Judge Bluebond erred by ignoring any prior order in the issuance of the Discharge Order.

## IV. Conclusion

For the reasons stated herein, the Court AFFRIMS the bankruptcy court's Discharge Order.

IT IS SO ORDERED.

Dated:  March 27, 2025

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge